# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DAVID HOWELL,

    Plaintiff,

v.

JOHN KEAST, *et al.*,

    Defendants.

Case No.: 3:18-cv-00273-MMD-WGC

**ORDER**

Re: ECF No. 43

Before the court is Plaintiff's Motion to Compel (ECF No. 43). Plaintiff requests the court order Defendants to supplement their responses to discovery. Defendants responded to the motion (ECF No. 46) and Plaintiff replied (ECF No. 50).

On May 11, 2021, the court held a hearing regarding Plaintiff's motion to compel. (ECF No. 62.) Plaintiff requested a continuance due to being in a nurses' station/copy room and claimed he was unable to focus on his arguments. The court granted Plaintiff's request for a continuance and reset the hearing for June 23, 2021. The court ordered Plaintiff to file a notice specifically identifying which discovery responses he would like to address at the next hearing.

The court further ordered that:

> DAG Rands is directed to meet and confer with Plaintiff to resolve the discovery disputes identified in Plaintiff's notice no later than **June 15, 2021**. After the meet and confer, DAG Rands is directed to file a notice with the court by **June 18, 2021** advising the court of the results of the meet and confer with Plaintiff.

(*Id.* at 2, 3.)

On May 24, 2021, Plaintiff filed his Notice which claimed that Defendants' responses to Request for Production 1, 2, 3, 4, 5, 10 and 19 and Interrogatories 1, 2, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19 and 24 "violated FRCP 36(a)(3) and thus (must) be deemed admitted by the court." (ECF No. 64 at 1.)

On June 17, 2021, Defendants filed their Notice regarding the results of the meet and confer which stated "The Office of the Attorney General made an appointment to speak with Plaintiff on June 14, 2021. Counsel called the institution on June 14, 2021. Counsel was advised that Plaintiff refused to come to the phone to meet with Counsel. Therefore, the meet and confer did not happen." (ECF No. 66.)

When Plaintiff filed his motion to compel (ECF No. 43), the motion did not contain the required certification of a good faith attempt to meet and confer. The meet and confer requirement is not an idle obligation. It is first intended to require the parties to address and perhaps resolve their discovery dispute. Even if the discovery dispute cannot be resolved, it might narrow the scope of discovery issues the court might decide.

A motion seeking to compel responses to discovery must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a); *see also* LR 26-6(c), which provides in pertinent part as follows:

> (c) Discovery motions will not be considered unless the movant (1) has made a good-faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request.

/ / /

The following is the pertinent text of LR IA 1-3(f):

(f) Meet and Confer. Whenever used in these rules, to "meet and confer" means to communicate directly and discuss in good faith the issues required under the particular rule or court order. This requirement is reciprocal and applies to all participants. Unless these rules or a court order provide otherwise, this requirement may only be satisfied through direct dialogue and discussion in a face-to-face meeting, telephone conference, or video conference. The exchange of written, electronic, or voice-mail communications does not satisfy this requirement.

(1) The requirement to meet and confer face-to-face or via telephonic or video conference does not apply in the case of an incarcerated individual appearing pro se, in which case the meet-and-confer requirement may be satisfied through written communication.

(2) A party who files a motion to which the meet-and-confer requirement applies must submit a declaration stating all meet-and-confer efforts, including the time, place, manner, and participants. The movant must certify that, despite a sincere effort to resolve or narrow the dispute during the meet-and-confer conference, the parties were unable to resolve or narrow the dispute without court intervention.

(3) In addition to any sanction available under the Federal Rules of Civil Procedure, statutes, or case law, the court may impose appropriate sanctions under LR IA 11-8 for a party's failure to comply with the meet-and-confer requirement.

(4) Failure to make a good-faith effort to meet and confer before filing any motion to which the requirement applies may result in denial of the motion.

Plaintiff's refusal to meet with DAG Rands to discuss issues of discovery violates the intent of the court's mandatory meet and confer rules.

Based on Plaintiff's failure to meet and confer prior to filing his motion to compel and his thereafter refusal to meet with the DAG Rands after the parties were ordered to do so, Plaintiff's motion to Compel (ECF No. 43) is **DENIED** without prejudice. If Plaintiff elects to renew his

motion, he may do so but only after Plaintiff completes his meet and confer and other requirements under Fed. R. Civ. P. 37 and LR 26-6.

**IT IS SO ORDERED**.

Dated: June 21, 2021.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE