UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID HOWELL,<br><br>    Plaintiff<br><br>v.<br><br>JOHN KEAST, et al.,<br><br>    Defendants | Case No.: 3:18-cv-00273-MMD-CSD<br><br>**Report & Recommendation of<br>United States Magistrate Judge** |

This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

For the reasons set forth below, the court recommends dismissal as a result of Plaintiff's failure to prosecute this action.

**I. BACKGROUND**

Plaintiff filed this pro se civil rights action as an inmate incarcerated within the Nevada Department of Corrections (NDOC). The court screened Plaintiff's second amended complaint (SAC) and allowed him to proceed with a Fourteenth Amendment equal protection claim against Defendants Nurses Kathy, Erin and Jessica. Plaintiff was also allowed to proceed with a Fourteenth Amendment privacy claim against Keast and Nurses Kathy, Erin and Jessica. All other claims and defendants were dismissed. (ECF No. 19.)

Defendants filed a motion for summary judgment on January 20, 2022. (ECF No. 78.) Plaintiff did not timely file a response. On March 10, 2022, the court gave Plaintiff an additional 20 days, until March 20, 2022, to file his response. (ECF No. 81.) Plaintiff still did not timely file a response, and the court has had no further communication from Plaintiff.

On April 26, 2022, the court issued an order to show cause, giving Plaintiff 14 days, until May 10, 2022, to file a notice of intent to prosecute this action. He was advised that a failure to do so would result in a recommendation that this action be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b). Plaintiff did not file a response to the order to show cause.

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) permits dismissal of an action for the failure to prosecute or comply with rules or a court order. Fed. R. Civ. P. 41(b).

In considering whether to dismiss a pro se plaintiff's action under Rule 41(b), the court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998).

First, the public has an interest in expeditious resolution of litigation. Plaintiff's failure to participate in his lawsuit impedes this goal. Therefore, this factor weighs in favor of dismissal. Second, the court's need to manage its docket is thwarted by Plaintiff's failure to prosecute his own action. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). As such, this factor weighs in favor of dismissal. Third, the Defendants risk prejudice the longer this case is carried on because the memories of witnesses will fade and evidence may be lost. *See Pagtalunan*, 291 F.3d at 643 (citation omitted). Therefore, this factor weighs in favor of dismissal. Fourth, while there is a public policy favoring disposition of cases on their merits which weighs in favor of Plaintiff, this is not outweighed by the other factors that compel dismissal.

Finally, the court has no less drastic sanction when it has received no communication from Plaintiff. As a result, no sanction short of dismissal is feasible. Given Plaintiff's failure to get in touch with the court, monetary sanctions are not practical. Nor are other non-monetary sanctions an option as Plaintiff has apparently abandoned his case. Thus, this factor weighs in favor of dismissal.

In sum, the majority of the factors weigh in favor of dismissal under Rule 41(b).

### RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING** this action **WITH PREJUDICE**, and **DENYING AS MOOT** Defendants' pending motion for summary judgment (ECF No. 78).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: May 11, 2022

_____
Craig S. Denney
United States Magistrate Judge