UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID HOWELL,<br><br>              Plaintiff,<br>     v.<br>JOHN KEAST, *et al.*,<br><br>              Defendants. | Case No. 3:18-cv-00273-MMD-CSD[1]<br><br>ORDER |

*Pro se* Plaintiff David Howell, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), brings this action against Defendants under 42 U.S.C. § 1983. (ECF No. 17). Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Craig S. Denney (ECF No. 83), recommending the Court dismiss the case for failure to prosecute and deny Defendants' pending motion for summary judgment (ECF No. 78 ("Motion")) as moot. Howell had until May 25, 2022, to file an objection. To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court will adopt the R&R, and will dismiss the case without prejudice and deny the Motion as moot.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and

---

[1]This case was reassigned to United States Magistrate Judge Craig S. Denney following United States Magistrate Judge William G. Cobb's retirement. (ECF No. 80.)

recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because there is no objection, the Court need not conduct de novo review, and is satisfied that Judge Denney did not clearly err. Judge Denney correctly found that Howell has failed to prosecute his case. (ECF No. 83 at 1-2.) Howell did not file a response to Defendants' pending Motion. (ECF No. 78.) On March 10, 2022, Judge Denney ordered Howell to file a response and granted him an additional 20 days. (ECF No. 81.) On April 26, 2022, Judge Denney issued an order to show cause and gave Howell 14 days to file and serve a notice of intent to prosecute, and warned Howell that his failure to comply will result in a recommendation that the case be dismissed for failure to prosecute under Fed. R. Civ. P. 41(b). (ECF No. 82.) Despite the warning and multiple opportunities to file a response, Howell has failed to take any further action in the case. The Court accordingly agrees with Judge Denney and will dismiss this case without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b); LR 41-1; *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted"); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

It is therefore ordered that Judge Denney's Report and Recommendation (ECF No. 83) is accepted and adopted in full.

It is further ordered that Defendants' motion for summary judgment (ECF No. 78) is denied as moot.

It is further ordered that this case is dismissed, in its entirety, without prejudice.

///

///

///

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 1st Day of June 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE